Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

MICHAEL WILLS,

                Civil Action No.

        Plaintiff,

                **COMPLAINT**

v.

CSC HOLDINGS, LLC, D/B/A ALTICE USA,
A/K/A OPTIMUM, FORMERLY D/B/A
CABLEVISION SYSTEMS CORP.,

        Defendant.
----------------------------------------------------------------X

Plaintiff Michael Wills ("Mr. Wills" or "Plaintiff"), by and through his attorneys, GAINES,

NOVICK, PONZINI, COSSU & VENDITTI, LLP as and for his Complaint in the action against

Defendant, CSC Holdings, LLC, d/b/a Altice USA, formerly d/b/a Cablevision Systems Corp.,

("Defendant" or "Employer"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary

    damages, to redress Defendant's unlawful employment practices committed against Mr.

    Wills, including its unlawful discrimination and harassment committed against Mr. Wills

    in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title

    VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981");

the New York State Human Rights Law, New York Executive Law §§ 290 *et seq*. (the "NYSHRL"), the Nassau County Human Rights Law, The Nassau County Administrative Code Title C-2 § 21-9.8 et. seq. (the "NCHRL").

2. Over the course of Mr. Wills's five (5) years of employment with Defendant, Defendant has repeatedly subjected Mr. Will's to unlawful discrimination and harassment because of his race and color. Defendant has also denied Mr. Wills equal work facilities, equal pay and promotional opportunities. Mr. Wills has complained about this and other discriminatory and harassing conduct to Defendant and has been unlawfully retaliated against by Defendant in the form of termination.

3. Defendant's conduct was knowing, malicious, willful, wanton and/or showed a reckless disregard for Mr. Wills, which caused, and continues to cause, Mr. Wills to suffer substantial economic and non-economic damages, the loss of his career, detriment to his health, including but not limited to insomnia, permanent harm to his professional and personal reputation, severe mental anguish, physical harm, and emotional distress.

## PARTIES

4. At all relevant times, Mr. Wills, a Black American, who was an employee of Defendant as defined under all applicable statutes.

5. At all relevant times, Defendant has met the definition of an "employer" under all applicable statutes.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Mr. Wills's rights under

Title VII and Section 1981. This Court has supplemental jurisdiction over Mr. Wills's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices against Mr. Wills were committed in this district, the employment records relevant to the unlawful employment practices are maintained and administered in this district, and Defendant's offices are located in this district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

**PROCEDURAL REQUIREMENTS**

9. Mr. Wills has complied with all statutory prerequisites to his Title VII claims, having filed a complaint with the New York State Division of Human Rights on or about January 30, 2017 (hereinafter "NYSDHR Complaint").

10. The NYSDHR Complaint was cross filed with the Equal Employment Opportunity Commission pursuant to a work-share agreement between the two agencies.

### I. MR. WILLS'S ALLEGATIONS IN THE NYSDHR COMPLAINT[1]

11. Among the numerous allegations in the NYSDHR Complaint was that (1) he was referred to and called "big boy" by his White supervisor, Sam Hussan, despite his protests; (2) White Supervisors wrote him up for conduct that if done by a White employee would have gone undocumented, deemed appropriate, or humorous; (3) Dan Ferrara, a White Vice President who shares White Supremacist views and Mr. Ferrara's business partner[2], Eric

---

[1] Mr. Wills's Complaint dated January 30, 2017, with accompanying exhibits, is attached as Exhibit A.
[2] Mr. Ferrara and Mr. Zimmerman are in the business of selling a product called "Trongs."
(http://www.digitaljournal.com/article/329374)

Zimmerman, who also happens to be Mr. Wills's supervisor, singled Mr. Wills out as being insubordinate when his White colleagues engaged in the same innocuous behavior without any admonishment or discipline; (4) Mr. Wills went on a trip to Aruba in order to protest the fact that Alexia Agnant, an African American colleague who was a top performer in his department, was not allowed to go because she was disciplined by Defendant (Mr. Wills believed that she was disciplined more so because of her race and sex than an infraction); and (5) During Mr. Wills's trip to Aruba he spoke with Senior Vice President Colleen Long about the fact that Black employees were underrepresented in leadership positions and that he was protesting the way Defendant treated Ms. Agnant and as result suffered from retaliation.

## II. DEFENDANT'S POSITION STATEMENT[3]

12. In a position statement submitted by Defendant's attorney to rebut the NYSDHR Complaint, Defendant claimed that Mr. Wills was written up on numerous occasions for being insubordinate and disrespectful.

13. Defendant defended the actions of Mr. Ferrara, one of its officers, by stating: "Any allegations that Mr. Ferrara either posted racists or anti-semitic [sic] content or that his workplace decisions were influenced by discriminatory animus are without merit."

14. Defendant contends "the Company's success is dependent, in part, on its employees' respect for their co-workers and supervisors …."

15. Furthermore, Defendant stated: **THERE IS NO EVIDENCE WHATSOEVER TO SUGGEST THAT ALTICE DISCRIMINATED AGAINST MR. WILLS ON THE BASIS OF HIS RACE/COLOR**.

---

[3] Defendant's Position Statement dated April 17, 2017, without accompanying exhibits, is attached as Exhibit B.

16. Defendant denies that Mr. Wills told Ms. Long that he protested the treatment of Ms. Agnant and that Black employees were underrepresented, and that Mr. Wills fabricated that interaction with Ms. Long.

### III. NYSDHR's FINAL INVESTIGATION AND BASIS OF DETERMINATION[4]

17. The New York State Division of Human Rights Regional Director found "Probable Cause to support the allegations in the complaint."

18. In fact, the Regional Director found Defendant's writeups to be ill-advised and that "[o]ther non-Black employees were not punished for similar actions."

19. The Regional Director found that the Vice President "Mr. Ferrara has on numerous occasions posted racist and offensive photographs and comments via a Facebook page evidencing his animus against non-White employees."

20. The Regional Director found Defendant's claim that Mr. Wills was insubordinate at a meeting June of 2016 to be disingenuous as White employees were engaged in the same behavior as Mr. Wills and Defendant found their conduct to be acceptable.

21. The NYSDHR conducted a series of interviews of White and Black, current and former, employees of Defendant and "[a]ll of the witnesses stated that race does have an impact on an employee's treatment by management. According to each witness, this is seen through the flagrant following of employees of color for extensive periods of time, compared to white employees, while they are working."

22. Upon information and belief, current and former employees were contacted by Defendant and advise not to cooperate with the NYSDHR.

---

[4] The New York State Division of Human Rights's Final Investigation Report and Basis of Determination dated August 8, 2017, without accompanying exhibits, is attached as Exhibit C.

23. Witnesses interviewed by the NYSDHR also said that employees of color would constantly receive more serious warnings, compared to their white coworkers, for identical actions.

24. As a result of the lack of diversity at management and executive positions witnesses noted "the lack of diversity made it difficult to anonymously report any discrimination to human resources."

25. While the NYSDHR recognized that Mr. Wills engaged in behavior that "could be inappropriate"; the NYSDHR also had to acknowledge that "race influences how employees are treated at the workplace."

## FACTS

### I. BACKGROUND

26. Mr. Wills is Black American man.

27. Mr. Wills is a retired New York State Trooper.

28. Mr. Wills was hired by Defendant in September of 2011 and was employed by Defendant until wrongfully dismissed on July 6, 2017.

29. At all relevant times Mr. Wills was employed as a Residential Direct Sales Representative and reported to and was supervised by other agents of Defendant, including but not limted to Sam Hussan, Eric Zimmerman, Carmine Pero, and Dan Ferrara.

30. Mr. Wills performed his job with the highest degree of integrity, which is evidenced by the fact that Mr. Wills always met or surpassed his sales quotas, which is not an easy feat.

31. Mr. Wills is amiable, which is evidenced by the fact that he was an excellent residential sales representative, a quality that is essential in order to sell Defendant's service packages.

32. Mr. Wills works well with people of all races as evidenced by the fact that he sold service packages to a diverse group of people.

## II. DISCRIMINATORY HIRING PRACTICES

33. In April of 2014 Mr. Wills applied for a chauffeur position with Defendant.

34. Mr. Wills met the qualifications to be a chauffeur

35. Mr. Wills asked an employee named Elise what exactly Defendant was looking for in a chauffeur candidate.

36. Elise said that Defendant was looking for candidates with driving and law enforcement experience.

37. Mr. Wills was confident that he would be one of the candidates called because he had a livery business and he was a retired New York State Trooper.

38. Mr. Wills not hired for the chauffeur position.

39. That upon information and belief, Defendant hired non-minority candidates less qualified than Mr. Wills.

## III. HOSTILE WORK ENVIRONMENT

40. Mr. Wills's manager, Sam Hussan, would not call Mr. Wills by his proper name, instead he called Mr. Wills "big boy."

41. Upon information and belief, Defendant failed to address the fact that Mr. Wills's White Supervisor called him "big boy" despite his protests resulting in a hostile work environment in which it was acceptable for Defendant's White employees to disrespect Black employees.

42. Upon information and belief, in October of 2014, Eric Zimmerman was promoted to the position of Supervisor, after only six months on the job and despite the fact that there were more qualified black employees who applied or were eligible to receive the promotion.

43. On November 10, 2015, Mr. Wills was issued a "final warning" for not using "Find Friends" application on his iPad.

44. Mr. Wills showed Defendant a screenshot which proved that he did use the "Find Friends" application on his iPad.

45. Upon information and belief, Defendant ignored the evidence present by Mr. Wills showing his use of the "Find Friends" application because he was a Black and simply wanted to find any reason to tarnish his personnel file.

46. Upon information and belief, Defendant issued another final warning because Mr. Wills jokingly said that he "punch[ed] a customer in the face".

47. Upon information and belief, Defendant knew Mr. Wills did not punch a customer and was, in fact, Mr. Wills was joking.

48. Upon information and belief, Defendant knew Mr. Wills was joking but did not find Mr. Wills's attempted at humor funny because he is a Black man.

49. In February of 2016, Mr. Wills was issued another "Final Warning" when he (1) wrote "you have got to be kidding me" in an email, (2) spoke in an animated matter at a meeting, and (3) was on a non-company website during a meeting.

50. Upon information and belief, White employees engaged in similar or more egregious conduct as Mr. Wills without being punished.

51. Upon information and belief, Mr. Wills's conduct would have been deemed acceptable had he been a White man.

52. In April of 2016, Mr. Wills went to Aruba independent of Defendant, but contemporaneous with an Aruba trip planned by Defendant for its top sale performers.

53. During the trip to Aruba, Mr. Wills spoke to Senior Vice President Colleen Long and told her that his colleague, Alexia Agnant should have been able to attend that trip because she was a top performer, but was prevented from doing so because she received a final warming for something that she would not have received a final warning for had she been a White male.

54. On that occasion Mr. Wills also told Ms. Long that there was a lack of Blacks in leadership positions and that Black employees were not given opportunities to excel.

55. Two months later, Mr. Wills was terminated by Dan Ferrara for using his phone during a meeting, a meeting in which, White employees were allowed to use their phones and computers.

56. Mr. Ferrara "has on multiple occasions posted racist and offensive photographs and comments via a Facebook page, evidencing his animus against non-White employees. One of these pictures included a picture promoting Adolf Hitler and stating that he was "The most underrated cook of all time." Ex. D.

57. Defendant minimized the White Supremacist views promoted by Mr. Ferrara in an obvious attempt to shield its White officer from further scrutiny.

58. Upon information and belief, Mr. Ferrara and his team of Supervisors/Managers only establishes and fosters intimate, personal and professional relationships with persons and colleagues are White – i.e. Erica Simon, Eric Zimmerman, Hugh Johnson, Matthew Haggerty, and Michael Rodriguez.

### AS AND FOR A FIRST CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII)

59. Mr. Wills hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

60. Defendant has discriminated against and harassed Mr. Wills on the basis of his race and color in violation of Title VII by denying him the same terms and conditions of employment available to White employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Wills the opportunity to work in an employment setting free of unlawful discrimination.

61. Defendant has discriminated against and harassed Mr. Wills on the basis of his race and color in violation of Title VII by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Wills because of his race and color.

62. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Mr. Wills has suffered, and continues to suffer, emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mr. Wills is entitled to an award of compensatory damages.

63. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Mr. Wills is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## (RETALIATION IN VIOLATION OF TITLE VII)

64. Mr. Wills hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

65. Defendant has retaliated against Plaintiff in violation of Title VII for complaining about Defendant's discriminatory practices directed toward him, subjecting Mr. Wills to acts of discrimination, harassment, humiliation and intimidation.

66. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Mr. Wills has suffered, and continued to suffer, monetary and/or economic harm for which Mr. Wills is entitled to an award of monetary damages and other relief.

67. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Mr. Wills has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Wills is entitled to an award of monetary damages and other relief.

## AS AND FOR A THIRD CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981)

68. Mr. Wills hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

69. Defendant has discriminated against and harassed Mr. Wills on the basis of his race and/or color by denying him the same terms and conditions of employment available to White employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Wills the opportunity to work in an employment setting free of unlawful discrimination.

70. Defendant has discriminated against and harassed Mr. Wills on the basis of his race and/or color in violation of Section 1981 by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Wills because of his race and/or color.

71. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Mr. Wills has suffered, and continue to suffer, monetary and/or

economic damages including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

72. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Mr. Wills has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Wills is entitled to an award of monetary damages and other relief.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF 42 U.S.C. § 1981)

73. Mr. Wills hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

74. Defendant has retaliated against and harassed Mr. Wills in violation of Section 1981 for opposing and/or complaining about Defendant's discriminatory practices directed toward him by, among other things, subjecting Mr. Wills to acts of discrimination, harassment, humiliation and intimidation.

75. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Mr. Wills has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

76. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Mr. Wills has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering,

12

as well as physical injury, for which Mr. Wills is entitled to an award of monetary damages and other relief.

77. Defendant's unlawful and discriminatory actions constitute malicious, willful and wonton violations of Section 1981 for which Mr. Wills is entitled to an award of punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE NYSHRL)

78. Mr. Wills hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

79. Defendant has discriminated against and harassed Mr. Wills on the basis of his race and color in violation of the NYSHRL by denying him the same terms and conditions of employment available to employees who are not black, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

80. Defendant has discriminated against and harassed Mr. Wills on the basis of his race and color, in violations of the NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Wills because of his race and color.

81. As a direct result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Mr. Wills has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

82. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Mr. Wills has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Wills is entitled to an award of compensatory damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF THE NYSHRL)

83. Mr. Wills hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

84. Defendant has retaliated against and harassed Mr. Wills in violation of the Nassau County Human Rights Law for opposing and/or complaining about Defendant's discriminatory practices directed toward him by, among other things, subjecting Mr. Wills to acts of discrimination, harassment, humiliation and intimidation.

85. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Mr. Wills has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

86. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Mr. Wills has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Wills is entitled to an award of monetary damages and other relief.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF NCHRL)

14

87. Mr. Wills hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

88. Defendant has discriminated against and harassed Mr. Wills on the basis of his race and color in violation of the NCHRL by denying him the same terms and conditions of employment available to employees who are not Black, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

89. Defendant has discriminated against and harassed Mr. Wills on the basis of his race and color, in violations of the NCHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Wills because of his race and color.

90. As a direct result of Defendant's unlawful discriminatory conduct in violation of the NCHRL, Mr. Wills has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

91. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NCHRL, Mr. Wills has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Wills is entitled to an award of compensatory damages.

92. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of the NCHRL for which Mr. Wills is entitled to an award of punitive damages.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF NCHRL)

93. Mr. Wills hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

94. Defendant has retaliated against and harassed Mr. Wills in violation of the NCHRL for opposing and/or complaining about Defendant's discriminatory practices directed toward him by, among other things, subjecting Mr. Wills to acts of discrimination, harassment, humiliation and intimidation.

95. Defendant has retaliated against and harassed Mr. Wills in violation of the NCHRL for opposing and/or complaining about Defendant's discriminatory practices directed toward him by, among other things, subjecting Mr. Wills to acts of discrimination, harassment, humiliation and intimidation.

96. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NCHRL, Mr. Wills has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

97. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NCHRL, Mr. Wills has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Wills is entitled to an award of monetary damages and other relief.

98. Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton, violations of the NCHRL for which Mr. Wills is entitled to an award of punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION
### (NEGLIGENT HIRING, RETENTION AND SUPERVISION)

99. Mr. Wills hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

100.     Defendant has violated their duty as Mr. Wills's employer by, among other things, denying him an opportunity to work in an employment setting free of unlawful discrimination, harassment and/or retaliation, by failing to take reasonable steps to determine the fitness of Mr. Wills's co-workers and supervisors, by failing to reasonably supervise Mr. Wills's co-workers and supervisors and by failing and refusing to investigate and/or take appropriate disciplinary or other actions in response to Mr. Wills's repeated complaints of discriminatory and harassing conduct by Mr. Wills's co-workers and/or supervisors on the basis of his race and color, which resulted in, among other things, physical injury to Mr. Wills. Defendant had actual knowledge of the undue risk of harm to which they were thereby exposing Mr. Wills based on complaints to his supervisors.

101.     As a direct and proximate result of Defendant's breach of duty to supervise, Mr. Wills has been injured and has incurred damages thereby.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Wills prays that the Court enter a judgment in his favor and against Defendant, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of the Defendant complained of herein violate the law of the United States of America, the State of New York, and the County of Nassau;

17

B.      An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.      An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Mr. Wills's employment and personal life;

D.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Wills for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E.      An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Wills for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Wills in an amount to be determined at trial, plus prejudgment interest;

G.      An award of punitive damages;

H.      An award of costs that Mr. Wills has incurred in this action, as well as Mr. Wills's reasonable attorneys' fees to the fullest extent permitted by law; and

I.      Such other and further relief as the Court may deem just and proper.

18

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
April 24, 2018

Respectfully submitted,

Jaazaniah Asahguii

19

Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

MICHAEL WILLS,

               Plaintiff,

v.

CSC HOLDINGS, LLC, d/b/a ALTICE USA,
a/k/a OPTIMUM, formerly d/b/a
CABLEVISION SYSTEMS CORP.; and
CABLEVISION SYSTEMS CORP.,

               Defendants.

-----------------------------------------------------------------X

Civil Action No.

**VERIFICATION**

    I, Michael Wills, have read the foregoing allegations. I reserve the right to modify any of these allegations if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.

    Subject to the above limitations, I declare under penalty of perjury under the laws of the United States of America that the forgoing allegations in the response to interrogatories are true and correct.

Dated: White Plains, New York
     april 24   , 2018

                           Michael Wills

Sworn to before me this
24   day of   April  2018

    Notary Public

JAAZANIAH ASAHGUII
Notary Public, State of New York
No. 02AS6305851
Qualified in Bronx County
Commission Expires June 16,20_18_